THE NEW YORK CENTRAL RD. CO. *v.* LUKANC.

(Decided May 14, 1928.)

*Messrs. Bernsteen & Bernsteen,* for plaintiff in error.

*Mr. Paul Lamb,* for defendant in error.

VICKERY, J. This cause comes into this court on a petition in error to the common pleas court of Cuyahoga county, in which court the defendant in error,

Frank Lukanc, was plaintiff, and brought his action to recover $25,000 damages by reason of injuries he alleged he suffered through the negligent conduct of the defendant company, at the trial of which suit a verdict was obtained for the sum of $6,000. A motion for a new trial was filed and overruled, and judgment entered upon the verdict, and it is to reverse that judgment that error is prosecuted here.

There is no claim in argument or otherwise that this verdict was excessive. The only error complained of is that at the close of the plaintiff's testimony a motion was made to direct a verdict for the defendant, which was overruled, and that at the close of all the testimony the motion was renewed and was again overruled, and error is prosecuted to the overruling of these motions.

From the record and argument of counsel we learn that the plaintiff below was an employee of the New York Central Railroad Company, and that at the time of the accident he was engaged as a boiler maker helper and was helping to repair a boiler on one of the locomotives of the defendant company, which was not at that time being used in interstate commerce, but was detached therefrom and was in the shop in Collinwood, Ohio.

It seems that the work that this helper was called upon to perform was on an engine standing upon the track in the shop, and that the point on the engine was so high up that to perform such work as he was called upon to do in repairing that boiler he could not reach it from the floor, and that his foreman, who was present, suggested that he get a block or something to stand upon, whereupon the plaintiff went around and found a large oak block that had been

used in connection with the repair of cars, about three feet in length and a foot square.

It is claimed in argument that the corners of this block were rounded. Anyway, by the direction of this foreman, this plaintiff placed that block in position near the engine, and he says he tried it with his foot and it rocked a bit, but it seemed all right, and he got up on it, and apparently, while he was working, perhaps reaching up and doing something, the block slipped out of place, perhaps because of the unevenness of the floor, as he alleges, and he further alleges there were holes or uneven spaces in the floor, that the floor was covered with grease, that the block was greasy, and that it slipped and threw him to the floor, resulting in the injuries that he sets up in his petition.

Now there is evidence to prove these allegations of this petition, and the question whether this motion should have been granted seems to have bothered the trial judge. He, in a rather exhaustive opinion, came to the conclusion that there was evidence to go to the jury, and we are constrained to reach the same conclusion—that it would have been error to have directed a verdict for the defendant, either at the close of plaintiff's testimony or at the close of all the testimony, and so the question was properly submitted to the jury. The jury having all the evidence before it, we do not think that the verdict and judgment thereon were so manifestly against the weight of the evidence that we would be warranted in disturbing it. If this engine was engaged in interstate commerce at the time, so that the Norris Act (Sections 6242 to 6245, General Code), would not apply, there might be a different story to

tell, but the Norris Act clearly applies to this case, and the evidence shows that the block was procured and that plaintiff was working under the immediate direction of his foreman.

We think, therefore, that there was no such assumption of risk as would warrant a judgment against the plaintiff at either stage of the case when a motion for a directed verdict was made. The answer, as filed, upon which the case was tried, did not plead the assumption of risk, but the defendant asked leave to have the answer amended so as to set up assumption of risk as a defense, which the court refused to permit, and that was one of the grounds of error. We do not think that in this case, as presented by the record, the doctrine of assumption of risk was an issue, and therefore the fact that the court refused to permit the defendant to amend will not be very material.

Taking the whole record, we see no reason to disturb the verdict, and it will therefore be affirmed.

*Judgment affirmed.*

SULLIVAN, P. J., and LEVINE, J., concur.